UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:18-CV-10968-DJC

|  |  |
|---|---|
| KORY MCSWEENEY, | ) |
| Plaintiff | ) |
| v. | ) |
| CITY OF BROCKTON, ERIK HILLIARD, in his individual and official capacity; CALLIE ROYSTER, in his individual and official capacity; GEORGE ALMEIDA, in his individual and official capacity; & FRANCISCO LOPEZ, in his individual and official capacity. | ) |
| Defendants | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO QUASH SUBPOENAS AND PRECLUDE EVIDENCE AND TESTIMONY RELATING TO THE PLAINTIFF'S AND RAYMOND SANCHEZ'S EMPLOYMENT HISTORY**

The Plaintiff submits this reply in response to the Defendants' Opposition, filed on March 5, 2020, and noted as ECF No. 89. For ease of review, this reply will follow the same format as the Defendants' Opposition.

1

1.	<u>Audio Tape Transcripts</u>

With regard to the audio tape transcripts, Defendants claim that they have had concerns from the outset.  Opposition at 2.  However, the Defendants did not make these concerns known until on or about February 13, 2020, when Plaintiff placed them on his exhibit list.  The Plaintiff's claim that Defendants failed to raise this issue earlier is not disingenuous.  The Defendants stated that the transcripts should be placed on the contested exhibit list pending review by the Defendants for any inconsistencies.  At that time, Defendants did not actually allege any inconsistencies.  The Defendants are now requesting that Plaintiff make their requested changes to the audio transcript that was transcribed by a court-approved transcriber.  Plaintiff simply does not agree to alter certified documents done by a neutral third-party in furtherance of the Defendants' claims.

Should the Defendants take issue with the transcription, the proper procedure would have been for them to have their own transcription prepared.  <u>United States v. Rengifo</u>, 1986 U.S. App. LEXIS 24838 *24 (1986).  The Defendants primarily take issue with parts of the transcript that the transcriber deemed unintelligible.  Their failure to do so also does not make the Plaintiff's transcripts inadmissible as evidence or to the jury as an aid to the audio recording. "We have long upheld the practice of providing the jury with a transcript to help them follow a tape recording being played during trial." <u>Id.</u> at *13-14, citing <u>United States v. Nashawaty</u>, 571 F.2d 71, 75 (1st Cir. 1978).  Where contested transcripts are concerned, the court has stated that both parties' transcripts should be given to the jury.  <u>United States v. Rengifo</u> at *17.  Even where the opposing party failed to put forth an opposing transcript, it does not go to the admissibility of

a transcript as evidence or a jury aid.  Id. at *24.  Therefore, if the Defendants wanted to pursue an alternative interpretation of the transcript, they should have had one transcribed.

2.  Plaintiff's Request of Disciplinary Records

With regard to Plaintiff's employment history, he does not intend to use his past or future employment opportunities as evidence at trial.  The only exception is the position he lost due to being incarcerated in this matter.  Whether the Plaintiff intended to in the past is no longer relevant as he has limited the scope of his case and will not open that door at trial.  Regardless, the Defendants' use of trial subpoenas to conduct discovery months after the discovery period closed, and without notifying the Plaintiff in violation of Fed.R.Civ.P. Rule 45(a)(4), should make them inadmissible.

The Defendants rely on Van Liew v. Eliopoulos to bolster their argument that the Plaintiff's employment history should be admissible.  92 Mass. App. Ct. 114 (2017).  This is problematic for several reasons.  First, the Plaintiff here has been accused of a crime and it was broadcast through the media.  The Plaintiff therefore need not allege special damages such as lost employment prospects nor does he intend to.  Van Liew is therefore not comparable.  Second, the court in Van Liew allowed testimony on a previous arrest for poisoning his neighbors dog because Van Liew himself opened the door at trial by alleging he was a good neighbor.  Id. at 119.  That the court deemed the preferred evidence not prejudicial was merely a secondary consideration.  Id. at 119.  The court there further found that Van Liew's comments regarding the Vatican were not appealable.  It did not state that the statements were admissible.  Essentially,

Van Liew was purported to open the door on that issue as well and failed to object on proper grounds. Id. at 119 - 120.

The Defendants also argue that the Plaintiff has placed this subject matter at issue. Opposition at 5. While that may have been the case earlier in this litigation process, it no longer is. Should it make a determination on this issue more expedient, Plaintiff is willing to provide a Stipulation that he will not open the door to employment history, future employment prospects, and/or professional reputation.

3.   Motions In Limine & Deadlines

The Defendants claim that they sought an extension to file motions in limine. Opposition at 6. However, their motion seeking an extension did not seek any extension with regard to any motions in limine. The Defendants also do not provide a reference to any document where such a request took place. With regard to the Defendants' Motion for Judgment on the Pleadings, the Plaintiff never stated that it was filed past any deadline. Rather, the Plaintiff argued that the motion was not in compliance with Fed.R.Civ.P Rule 12(c) in that it would delay trial.

Next, the Defendants claim that the Plaintiff filed an "unsolicited timeline" with respect to the destruction of the undercover vehicle. Opposition at 7. This filing was made as a response to a request by this Court at the pre-trial conference and was therefore not in violation of any rules and/or deadline. The timeline is additionally not a trial exhibit nor is it intended to be used as such. It was merely for the Court to use in making a determination about the relevance of the undercover vehicle. Such determination from this Court was at the request of the Defendants during the hearing on February 14 , 2020.

Defendants next claim the additional witnesses were added on February 26, 2020, because they had only just learned of their existence. Opposition at 8. However, the Defendants must have known of their existence almost a year ago. The Plaintiff was deposed by the Defendants on March 7, 2019, regarding his employment history. The Defendants further pulled the Plaintiff's CORI on May 1, 2019. Exhibit 1. The Defendants do not provide any such newly discovered information that suddenly motivated them visit Quincy District Court. The only document that could have provided the impetus for such an inquiry was the Plaintiff's CORI, which again the Defendants have had for almost a year. That the Defendants chose not to make these inquiries until February 24, 2020, should not prejudice the Plaintiff.

The Defendants are also now attempting to open the door to the Plaintiff's employment history with the allegation that he lied in his deposition. Opposition at 8. He did not. The Plaintiff provided his notice to TGIFridays on August 28, 2017. Exhibit 2. His firing came essentially on his last day, after he quit several weeks prior. An investigation into any potential wrongdoing was not initiated until September 6, 2017. The Plaintiff did not intend to use the resignation at trial but offers it here to rebut the serious allegation that the Plaintiff lied in his testimony. Again, the Plaintiff is limiting the scope of his claims at trial and is not placing employment at issue beyond his job loss due to incarceration. It should also be noted that the complexity of this issue is precisely why the Defendants should have performed these inquiries sooner.

The Defendants' argument that past allegations of theft also go to the Plaintiff's and Raymond Sanchez's truthfulness is both irrelevant and prejudicial. The Defendants are now attempting to bring in criminal allegations, of both the Plaintiff and Raymond Sanchez, but fail

to state that those allegations were dismissed as to both.  Exhibit 1.  The mere existence of past criminal allegations, which were dismissed, is not only irrelevant but highly prejudicial under Fed.R.Evid. Rule 403.  This Court already ruled that the Plaintiff's CORI is not admissible, so it stands to reason that any allegations stemming from the incidents on the CORI should also be excluded.  Moreover, the Plaintiff was prevented from obtaining the Defendants' employment records as stated in his Motion.  The Plaintiff alleged that the Defendants made numerous false statements in their records and testimony.  The Defendants' employment records would have been the only evidence for which the Plaintiff would be able to demonstrate that the Defendants have any history of being untruthful.  It would be highly prejudicial for the Defendants to now use the Plaintiff's records against him where the Plaintiff was not allowed the same.

      The Defendants then attempt to allege that the Plaintiff's intentionally withheld discovery.  Opposition at 10.  Such an allegation is frivolous.  Again, the Plaintiff did not lie in his deposition.  He further did not withhold any documents that would undermine his claims.  The Plaintiff provided his CORI at the outset of this matter and Defendants pulled it again on May 1, 2019.  The Plaintiff further provided his employment history and the identity of his employers, including TGIFridays, at his deposition on March 7, 2019.  He has therefore not withheld anything that created Defendants' alleged emergency.  Again, this Court already deemed the Plaintiff's record (and therefore the incidents on the record), to be outside the scope and relevance of this trial.  Therefore, they should be inadmissible.

      The Defendants next allege that the Plaintiff provided several post-discovery productions.  Opposition at 10.  The Plaintiff did make those productions however he removed several that the Defendants objected to and two others became joint exhibits.  The only remaining contested

exhibit from that production is the transcript from the Plaintiff's bail hearing in the underlying criminal matter. The Plaintiff had been trying to obtain records from the District Attorney's Office since December 27, 2018. These records were not received until January 17, 2020. It was from this court-ordered disclosure that the Plaintiff learned of the need for the transcript and could not have known of the need sooner. Further, the Defendants would have been privy to the information in the transcript and the Defendants also added the assistant district attorney assigned to the criminal matter to their witness list. The transcripts inclusion on a contested exhibit list is not prejudicial. Even if it were, it would have been Defendants' obligation to raise that issue in a timely manner. They did not. That the Defendants chose to allow it on a contested exhibit list should not be equated with allowing the Defendants to now admit irrelevant prejudicial records and testimony.

4.      The Document Subpoenas

The Fed.R.Civ.P. Rule 45(a)(4) was created to prevent the very issue in this motion. The rule was included on a form utilized for trial, therefore the Defendants' were obligated to follow the rule. The Defendants oddly cite to other subparts of the rule and the advisory notes to those other subparts to support their lack of compliance. This provides an improper interpretation of the rule. The Defendants cite Fed.R.Civ.P. Rule 45(d)(1) Advisory Notes which relates to undue burden and expense. The Advisory Note should therefore be read in that context. It states that "[t]he requirement in the last sentence of original Rule 45(d)(1)—to the effect that leave of court should be obtained for the issuance of such a subpoena—has been omitted." This should not be interpreted to mean that attorneys may issue subpoenas whenever they choose and not notify the

opponent. Rather, it should be interpreted that attorneys may issue subpoenas within the bounds of deadlines and appropriate notice without leave of court.

As previously-stated, the Plaintiff never lied about resigning from his position with TGIFridays and any legal action stemming from there was dismissed. Any use of this evidence at trial would only serve to confuse the jury and unduly prejudice the Plaintiff. The Defendants further lay no ground to support the relevance of the Plaintiff's employment records from Uno's. The Plaintiff did not lie about his departure from Uno's and the Defendants do not allege that he did. What the Defendants do allege is that he lied about "his departure from TGIFridays and arrival at Uno's." Opposition at 12. That the Defendants accuse the Plaintiff of lying about his arrival at Uno's does not transfer to also lying about his departure. The allegations are that the Plaintiff used a racial slur causing his termination. Not only is this irrelevant to his truthfulness, it would be highly prejudicial and should therefore be excluded as it clearly serves no other purpose than to inflame the jury.

5. <u>Evidence Regarding Raymond Sanchez's Employment History</u>

The Plaintiff merely reiterates here that what the Defendants are seeking to do is use allegations of criminal conduct, which were dismissed, to prejudice the jury with regard to Mr. Sanchez's testimony. The employment history should therefore be excluded.

**Prayer for Relief:**

Wherefore, the Plaintiff respectfully requests that this Court:

1. grant the Plaintiff's motion to quash subpoenas and preclude the Defendants from entering evidence and testimony at trial regarding the Plaintiff's and Mr. Sanchez's employment history; and

2. For such other relief as this Court deems just and proper.

Respectfully Submitted,
KORY MCSWEENEY
By his attorney,

/s/  *Patrick Cook, Esq.*

Patrick Cook, Esq.
The Law Office of Patrick Cook
154 West Grove Street, Unit D-3
Middleboro, MA 02346
Tel:  (774) 419-3971
Patcook9499@comcast.net
BBO# 668985

DATE:  3/6/20

CERTIFICATE OF SERVICE

      For the above-referenced matter, I, Patrick Cook, Esq., Counsel for the Plaintiff, Kory McSweeney, hereby certify that I served the Plaintiff's Reply to Defendant's Opposition upon the Defendants, via ECF.

DATE:  3/6/20                                         /s/  *Patrick Cook, Esq.*
                                                      Patrick Cook, Esquire
                                                      The Law Office Patrick Cook
                                                      154 West Grove Street, Unit D3
                                                      Middleboro, MA 02346
                                                      Tel:  (774) 419-3971
                                                      BBO# 668985