UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:18-cv-10968-DJC

| | |
|---|---|
| KORY MCSWEENEY, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| CITY OF BROCKTON, ERIK HILLIARD, in his individual and official capacity; CALLIE ROYSTER, in his individual and official capacity; GEORGE ALMEIDA, in his individual and official capacity; & FRANCISCO LOPEZ, in his individual and official capacity, | ) ) ) ) ) ) ) ) ) |
| *Defendants*. | ) ) |

## DEFENDANTS' SUPPLEMENTAL BRIEF TO ITS MOTION FOR DIRECTED VERDICT

The Defendants orally moved for a directed verdict at the close of the Plaintiff's case. A preliminary brief was filed in support of their Motion at ECF No. 118, just prior to the Plaintiff resting. The Court elected to stay its ruling on the Plaintiff's Motion until the close of the evidence. The Defendants submit this supplemental brief in support of their Motion for Directed Verdict as to all claims in the Plaintiff's Complaint. The grounds for the Defendants' Motion have been – in part – articulated to the court and are (also in part) contained in ECF No. 118. The Defendants' further argue as follows now that the Plaintiff's case is complete:

1. Malicious Prosecution

The Defendants move for a directed verdict as to the Plaintiff's malicious prosecution claims (both constitutional and common law) on the basis that there is not sufficient evidence in

the record from which the jury can make a reasonable inference of malice or a lack of probable cause. "The tort of malicious prosecution requires that the defendant acted maliciously (i.e., for an improper purpose) *and* without probable cause. Even if malice (improper purpose) is proved, there is no liability if there *was* probable cause…" [Malicious prosecution – "Improper purpose", 48 Mass. Prac. Collection Law, § 3:17 (4th ed.)]. In this case, the existence of probable cause is a given. However, even if it were not, there must be some evidence from which the jury can reasonably infer that one of more of the Defendants were "attempting to achieve an unlawful end or a lawful end through unlawful means," or intentionally intended to harass or vex the Plaintiff. *See Sklar v. Beth Israel Deaconess Med. Ctr.*, 59 Mass.App.Ct. 550, 557 (2003). Wanton or negligent behavior is insufficient without some evidence of an ulterior purpose. *See Beecy v. Pucciarelli*, 387 Mass. 589, 594 n.9 (1982). There simply is no evidence to justify a malicious prosecution claim being presented to the jury.

    2.    False Imprisonment

There can be no false arrest claim presented to the jury because the evidence does not permit a finding of no probable cause for the Plaintiff's arrest. Under Massachusetts law, the elements of false imprisonment are "(1) intentional and (2) unjustified (3) confinement of a person, (4) directly or indirectly (5) of which the person confined is conscious or is harmed by such confinement." *Sietins v. Joseph*, 238 F.Supp.2d 366, 381 (D. Mass. 2003) (internal quotation marks omitted). A police officer may not be liable for false imprisonment if he had a legal justification for the confinement. *Id.* Notably, here, "[s]uch justification exists if the officer had probable cause to arrest the suspect." *Id.* Because success on his false imprisonment claim would require the Plaintiff to show that his arrest lacked probable cause, without such evidence,

this claim cannot be properly submitted to the jury. *Cabot v. Lewis*, 241 F. Supp. 3d 239, 258–59 (D. Mass. 2017).

3. <u>Intentional Infliction of Emotional Distress</u>

The Plaintiff's burden for an intentional infliction of emotional distress claim is an elevated one, and certainly cannot be met on the evidence presented in this case. For the Plaintiff to prevail on his claim of intentional infliction of emotional distress, he must prove:

> (1) that one or more of the defendants intended, knew, or should have known that his [the individual defendant's] conduct would cause emotional distress;
> (2) that the conduct was extreme and outrageous;
> (3) that the conduct caused emotional distress; and
> (4) that the emotional distress was severe.

"The standard for making a claim of intentional infliction of emotional distress is very high." *Bettencourt v. Mendon*, 334 F. Supp. 3d 468, 487 (D. Mass. 2018); *Polay v. McMahon*, 468 Mass. 379, 385-86 (2014). "Liability cannot be predicated on mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities, nor even is it enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Conduct qualifies as extreme and outrageous only if it go[es] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Bettencourt v. Mendon*, 334 F. Supp. 3d 468, 487 (D. Mass. 2018).

4. *Monell*

A municipality's failure to train or supervise its police officers only becomes a basis for liability when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. NYC Dept. of Soc. Services,* 436 U.S. 658, 691 (1978); *Kennedy v. Town Of*

*Billerica*, 617 F.3d 520, 531-32 (1st Cir. 2010). Accordingly, there must be an underlying constitutional tort before a *Monell* analysis is triggered. Based on the available constitutional torts alleged in this action, and the law provided in ECF No. 118, respectfully, sending a *Monell* claim to the jury in this case would constitute reversible error. *See also Alston v. Town of Brookline*, 308 F. Supp. 3d 509, 532 (D. Mass. 2018) (to establish municipal liability under Section 1983, a plaintiff must not only identify conduct attributable to the municipality, but must prove that "action pursuant to official municipal policy" caused [his] injury).

5. Excessive Force

The Defendants have devoted a significant amount of time to the deficiencies with the Plaintiff's excessive force claim, specifically the first interaction on Battles Street, which it continues to maintain cannot be considered a Fourth Amendment seizure as a matter of law. However, the Defendants take this opportunity to discuss further a glaringly fatal issue with the Harrison "seizure," which was addressed in part in ECF No. 118: because vicarious liability is inapplicable in Section 1983 suits as a matter of law, the Plaintiff must prove by a preponderance of the evidence that *each* defendant, through the official's own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018). In *Jutrowski*, the Plaintiff alleged a constitutional violation premised on excessive force (purporting to have been kicked), but judgment entered in favor of the defense because there was not sufficient evidence to identify the specific individual who was responsible for the alleged constitutional deprivation. Such is the state of the evidence here. A verdict by the jury against any of the four individual defendants for having used excessive force in kicking, dragging, or kneeling on the Plaintiff, simply cannot stand on the evidence adduced at trial. Any

such conclusion by the jury would be entirely speculative and would undermine well-settled law.

As such, there is no basis for sending this claim to the jury.

The Defendants,
By their attorneys,


/s/ *Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042
Michael Stefanilo, Jr., BBO# 684500
BRODY HARDOON PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
mstefanilo@bhpklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

/s/ *Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042

Dated: April 16, 2021